IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LEE LOCKE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-66J |
| | ) | Judge Gibson |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| DEBRA K. SAUERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for writ of habeas corpus filed by James Lee Locke ("Petitioner") be dismissed, as the claims raised within it are facially procedurally defaulted. It further is recommended that Petitioner's motion to amend his petition (Doc. 7) be denied as futile. Finally, it is recommended that a certificate of appealability be denied, and that Petitioner's motion requesting such a certificate (Doc. 9) be denied.

### II. REPORT

On March 4, 2009, Petitioner was convicted of various DUI offenses in the Court of Common Pleas of Bedford County, Pennsylvania. Pet. for Writ of Habeas Corpus (Doc. 3 at 1). He was sentenced to a term of confinement of "19 months – 5 years plus 90 days [sic]" on April 23, 2009. Id. It is unclear whether Petitioner ever filed a direct appeal from his conviction. See id. at 7. However, on some unspecified date, he did file a petition collaterally attacking his conviction pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, *et seq.* Id. On August 12, 2010, due to more than two months of

1

delays, Petitioner withdrew his petition from the state trial court in favor of filing a petition for writ of habeas corpus in United States District Court. (Doc. 3 at 8; 17-19).

These proceedings were initiated with the receipt of Petitioner's motion for leave to proceed *in forma pauperis* ("IFP"), with attached petition for writ of habeas corpus, on March 10, 2011. (Doc. 1). Petitioner was granted leave to proceed IFP on the following day. Text Order of Mar. 11, 2011.

*Sua sponte* dismissal of a petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, is proper when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

A. **Exhaustion and Procedural Default**

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996) (abrogated on other grounds by Beard v. Kindler, 130 S.Ct. 612, 618 (2009)); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest available court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004). A petitioner

shall not be deemed to have exhausted state remedies, if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c). The petitioner has the burden of establishing that the exhaustion requirement has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

In the case at bar, Petitioner concedes that he has failed to exhaust his remedies in the state courts. Additionally, it is clear from the petition that those remedies are now unavailable to him due to the PCRA's one-year statute of limitations.[1] See 42 Pa. Cons. Stat. § 9545(b)(1)-(2).

The exhaustion requirement may be excused where a state's procedural rules would bar a Petitioner relief in state court. Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000), cert. denied 531 U.S. 1082 (2001). However, beyond questions of exhaustion, a federal court may be precluded from reviewing claims under the "procedural default doctrine." Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman v. Thompson, 501 U.S. 722, 732 (1991); Doctor, 96 F.3d at 678; Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). This doctrine is applicable where, *inter alia*, a petitioner's claims are "deemed exhausted because of a state procedural bar[.]" Lines, 208 F.3d at 160. Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system and, in turn, it is based upon the "independent and adequate state law grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. Coleman,

---

[1] Indeed, if Petitioner did not appeal from his conviction, as he implies in his petition, see (Doc. 3 at 5), his conviction became final 30 days after his sentence was entered – or on May 25, 2009. See Pa. R. Ap. P. 903(a). As the PCRA does not toll the one year statute of limitations during the pendency of an earlier petition, see Commonwealth v. Rienzi, 827 A.2d 369, 371 (Pa. 2003) (treating a pending first PCRA petition as not tolling the one-year filing period with respect to a second petition), Petitioner was no longer entitled to file a successive PCRA petition as of May 25, 2010.

501 U.S. at 750.  The PCRA's one-year statute of limitations has been held to be an "independent and adequate" state law ground for denying habeas relief.  <u>Whitney v. Horn</u>, 280 F.3d 240, 251 (3d Cir. 2002).

The United States Supreme Court has held that where a petitioner has to follow state procedure within the required time period, the "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750; <u>see also</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 86-87 (1977) (failure to follow state's procedural rules results in procedural default, which bars federal review of petitioner's claims unless he can show cause and prejudice); <u>Hull v. Freeman</u>, 991 F.2d 86, 90-91 (3d Cir. 1993) (same).  The Court in <u>Coleman</u> further stated that it recognized "the important interest in finality served by state procedural rules and the significant harm to the States that results from the failure of federal courts to respect them."  501 U.S. at 750.

Here, it is clear from the face of the petition that Petitioner has procedurally defaulted on his claims in state court.  Additionally, there is no indication that Petitioner's default was the result of some external "cause."  Indeed, Petitioner concedes that he voluntarily withdrew his PCRA petition because the case was not progressing fast enough for his liking.  Finally, there is no indication in the petition that its dismissal would result in a miscarriage of justice.  Accordingly, this petition for writ of habeas corpus should be dismissed.

4

B. **Motion to Amend**

Petitioner has filed a motion to amend his instant Petition, claiming that he filed only one copy with the Clerk's office when he should have filed three. (Doc. 7 at 1). Petitioner also claims to have "made a strategic error" in raising a claim of ineffective assistance of trial counsel, as "[his] own court appointed [sic] [defense] [sic] counsel did more to unlawfully convict [him] than the District Attorney[.]" Id. Petitioner claims that this was the ultimate goal of his trial counsel and, as such, counsel was, technically, very effective at accomplishing what he had set out to do. Id. at 1-2. Neither of these proposed amendments would correct his procedural default in state court. Accordingly, Petitioner's motion to amend should be denied as futile.

C. **Certificate of Appealability**

Finally, a certificate of appealability should be denied because jurists of reason would not find it debatable whether Petitioner's claims were procedurally defaulted. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis). As such, Petitioner's motion for a certificate of appealability (Doc. 9) also should be denied.

## III. CONCLUSION

For the reasons stated above, it is respectfully recommended that the petition for writ of habeas corpus filed by James Lee Locke (Doc. 3) be dismissed, his motion to amend (Doc. 7) denied as futile, a certificate of appealability be denied, and Petitioner's motion for a certificate of appealability (Doc. 9) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this report must be filed by October 29, 2011. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


October 16, 2011                                    <u>s/Cathy Bissoon</u>
                                                    CATHY BISSOON
                                                    UNITED STATES MAGISTRATE JUDGE



cc:
**JAMES LEE LOCKE**
JA-5305
SCI Forest
P.O. Box 945
Marienville, PA 16239-0945